# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7350 | **DATE** | March 31, 2000 |
| **CASE TITLE** | Marcella Richman vs. Michael Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing is set for April 25, 2000 at 9:30 a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' Motion to Dismiss [18] is granted in part and denied in part. This case is set for status on April 25, 2000 at 9:30 a.m.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 3 1 2000 | |
| | Notified counsel by telephone. | date docketed | 28 |
| X | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| courtroom deputy's initials: RJ | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARCELLA RICHMAN, individually and as Special Administrator of the Estate of Jack B. Richman, deceased, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MICHAEL SHEAHAN, IN HIS OFFICIAL CAPACITY )<br>AS SHERIFF OF COOK COUNTY, THE COUNTY OF )<br>COOK, THE DEPARTMENT OF THE COOK COUNTY )<br>SHERIFF, BRIAN BURGESON, JOHN DORNER, )<br>BRIAN FOSTER, MARTY GANTMAN, RAYMOND )<br>GREVE, KELLY JACKSON, RICHARD KIM, LAURA )<br>LOKEN, MOIRA WEYRICH (n/k/a MOIRA LOWRY), )<br>JOSE MENDEZ, TIMOTHY MCPHILLIPS, EDWARD )<br>PICKELL, EDWARD PLUCINSKI, MAURICE SMITH, )<br>JEFFREY SULKIN, GEORGE VELISARIS, MIKE WISH )<br>AND MICHELLE ZIMMERMAN, INDIVIDUALLY, )<br>)<br>Defendants. ) | No. 98 C 7350<br><br>Judge Joan B. Gottschall<br><br>**DOCKETED**<br>MAR 3 1 2000 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marcella Richman, individually and as administrator of the estate of her deceased son, Jack Richman, has brought suit against Michael Sheahan in his official capacity as Cook County Sheriff, Cook County, the Department of the Cook County Sheriff,[1] and, in their individual capacities, eighteen sheriff's deputies. The suit arises from the courtroom death of Richman's son while he was being restrained by sheriff's deputies during a state court proceeding. In Counts I and III, Richman alleges that the sheriff's deputies violated her and her

---

[1] The court previously dismissed the Department of the Cook County Sheriff. (*See* 7/7/99 Min. Order)

son's rights to be secure in their persons against unreasonable searches and seizures, their due process rights, and § 1983. In Counts II and IV, Richman alleges that the Cook County Sheriff, Cook County, and the Department of the Cook County Sheriff, as policy makers, failed to instruct, supervise, control and discipline the sheriff's deputies to refrain from using excessive force. In Counts V and VI, the Plaintiff alleges that all defendants are liable for compensatory and punitive damages pursuant to Illinois' Wrongful Death Act, 740 ILCS 180/1, and Survival Act, 755 ILCS 5/27-6. Defendants have moved to dismiss all of Richman's claims.

## **Background**

The court, as it must, accepts as true the facts alleged in the plaintiff's complaint. *Flynn v. Kornwolf*, 83 F.3d 924, 925 (7th Cir.), *cert. denied*, 519 U.S. 930 (1996). On or about November 18, 1997, Richman appeared in the Cook County Circuit Court before Judge Michael Jordan to challenge the issuance of a traffic citation issued against her. Her son accompanied her to testify on her behalf. Richman's case was placed at the end of the court call. After waiting in the courtroom for several hours, the case was called for hearing and immediately continued to a future date by Judge Jordan. At the time Judge Jordan continued the case, Richman and her son attempted to ask him a question regarding it, but Judge Jordan quieted them. Immediately thereafter, her son spoke to Judge Jordan, who placed him in restraint.

After two sheriff's deputies began to restrain Richman's son, twelve more deputies entered the courtroom and joined them. Together, the fourteen deputies attacked her son, forced him to the floor, face down, and attempted to handcuff him. Richman's son, a physically disabled person who required the aid of a cane, was unable to, and did not, resist the attack. During the attack, he gasped for air and complained of pain and an inability to breathe. The

2

deputies continued to physically restrain him, sat on him, and pulled his arms behind his back to secure him in the handcuffs. Sometime after handcuffing him, but while he remained on his stomach on the floor, one or more of the deputies noticed that her son's face and lips were blue, that he appeared not to be breathing, and that he had urinated and defecated upon himself. Subsequently, emergency assistance was called, and several paramedics entered the courtroom, administered CPR, and took him to the hospital, where he was pronounced dead.

While the fourteen deputies were restraining her son, four other deputies restrained Richman and forced her to leave the courtroom. Richman is an elderly woman who required the aid of a cane and was unable to and did not resist the attack.

## Analysis

When considering a motion to dismiss, the court must examine the sufficiency of the complaint, not the merits of the lawsuit. *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). The court must draw all inferences and resolve all ambiguities in the plaintiff's favor and assume that all well-pleaded facts are true. *Dimmig v. Wahl*, 983 F.2d 86, 87 (7th Cir. 1993). A motion to dismiss will be granted only if the court finds that the plaintiff can prove no set of facts to support her allegations. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### *Cook County as Proper Defendant*

The Illinois Supreme Court has held that the Cook County Sheriff "is a county officer and, as such, is not in an employment relationship with the County of Cook." *Moy v. County of Cook*, 640 N.E.2d 926, 931 (Ill. 1994). Accordingly, "the county may not be held vicariously liable for the sheriff's alleged negligent conduct." *Id.* Richman has offered no reason why the county-sheriff relationship is subject to a different analysis under the facts alleged in this case,

3

nor has she offered an alternative basis for holding the county liable. Defendants' motion to dismiss Cook County is granted.[2]

*Quasi-Judicial Absolute Immunity*

Defendants argue that they are entitled to quasi-judicial absolute immunity because, in trying to restrain and remove Richman's son from the courtroom, they were acting pursuant to Judge Jordan's command. The Seventh Circuit has recognized that "[n]on-judicial officers whose official duties have an integral relationship with the judicial process are entitled to absolute immunity for their quasi-judicial conduct." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (citing *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)). Accordingly, "police officers, sheriffs, and other court officers who act in reliance on a facially valid court order are entitled to quasi-judicial immunity from suit under § 1983 for damages." *Id.* at 1239.

The court rejects Richman's argument that the deputies' restraint of an individual who had been held in contempt by the court and ordered removed from the courtroom was not a quasi-judicial function. The officers' conduct took place in the courtroom, was at the judge's express direction, and was integrally connected to the courtroom proceedings.

However, the fact that the sheriff's deputies acted pursuant to a court order does not give rise to blanket immunity under all circumstances. As the Tenth Circuit has recognized, "absolute immunity does not protect defendants from damages claims directed not to the conduct

---

[2] In her response brief, Richman argues that the Cook County Sheriff's Office is a proper defendant. This issue is not before the court, as it was not raised in defendants' motion to dismiss, and the Cook County Sheriff's Office is not named as a defendant in Richman's Amended Complaint.

4

prescribed in the court order itself but to the manner of its execution." *Martin v. Board of County Comm'rs*, 909 F.2d 402, 405 (10th Cir. 1990); *see also Napier v. Jonas*, No. 1:94-CV-630, 1995 WL 454774, at *4 (W.D. Mich. Feb. 10, 1995) ("While quasi-judicial immunity protects court officers from the fact of their enforcement of a court order, it does not empower them to execute the court order with excessive force."). This common-sensical standard is grounded in the principle that "quasi-judicial immunity only extends to the conduct prescribed by the order." *Cortez v. Close*, No. 99 C 2397, 2000 WL 204232, at *3 (N.D. Ill. Feb. 10, 2000) (citing *Valdez v. Denver*, 878 F.2d 1285, 1286 (10th Cir. 1989)). The doctrine "does not immunize a sheriff's deputies for actions taken beyond those ordered by the court or authorized by the court order." *Id.* (citing *Rucinski v. United States*, 94 C 6619, 1995 WL 103744, at *3 (N.D. Ill. Mar. 6, 1995)).

The court does not disagree with the Eighth Circuit's holding in *Martin v. Hendren*, 127 F.3d 720 (8th Cir. 1997), that bailiffs and court-assigned deputies enjoy quasi-judicial immunity for actions specifically ordered by the trial judge and related to the judicial function. *Id.* at 721. However, the court disagrees with the Eighth Circuit's broad application of the Supreme Court's holding in *Mireles v. Waco*, 502 U.S. 9 (1991) to the conduct of non-judicial officers. The Eighth Circuit reasoned that if, as the *Mireles* Court held, a judge is absolutely immune from damages for ordering courtroom deputies to use excessive force, then deputies who use excessive force in carrying out a judicial order should also be absolutely immune – even if the order did not call for the use of excessive force – simply because of their close relationship to the judicial function. *See Martin v. Hendren*, 127 F.3d at 721-22 (citing *Mireles*, 502 U.S. at 12-13).

The distinction the Eighth Circuit draws between its approach in *Martin v. Hendren* and

5

the Tenth Circuit's approach in *Martin v. Board of County Comm'rs* – *i.e.*, that *Martin v. Hendren* involved an unruly individual in the courtroom whereas *Martin v. Board of County Comm'rs* involved the execution of a judicial order outside the courtroom – does not strike this court as a basis for applying a different legal standard. Under the Eighth Circuit's reasoning, if a judge told deputies to subdue a loud-mouthed litigant in her courtroom, a deputy who did so with lethal force would be absolutely immune. For this reason, the court believes that the Tenth Circuit rule is the better one.

Thus, to escape the preclusive effect of quasi-judicial immunity, Richman must allege that the deputies' conduct exceeded what was reasonably necessary to effectuate the court's order. By alleging that the deputies' "seizure of Decedent was excessive both in terms of sheer number of deputy sheriffs and force used" (Am. Compl. ¶ 24), she has done so. Under our system of notice pleading, Richman's allegations are sufficient to defeat quasi-judicial immunity as to the fourteen sheriff's deputies who restrained her son.[3]

Because Richman's complaint does not allege that the four deputies who restrained and removed her did so pursuant to an order from the judge, they are not entitled to quasi-judicial immunity. Further, Richman's allegations against the Cook County Sheriff are based on his failure to train and supervise, not on acts performed pursuant to a court order. Accordingly, he is not entitled to quasi-judicial immunity.

---

[3] The court notes that where, as here, a judge orders courtroom deputies to subdue a person, and the deputies proceed to carry out the order in the judge's presence, it will predictably be very difficult for a plaintiff to prove that the deputies were doing more than simply carrying out the judge's order.

6

*Qualified Immunity*

Defendants seek dismissal of the claims against the sheriff's deputies who seized Richman on the ground that they are entitled to qualified immunity. "Police officers who use force in making an arrest are entitled to qualified immunity from suits for damages under 42 U.S.C. § 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Smith v. Darlin*, No. 97 C 0763, 1999 WL 498586, at *3 (N.D. Ill. Jul. 8, 1999) (quoting *Rice v. Burks*, 999 F.2d 1172, 1174 (7th Cir. 1993)). The court's inquiry is "concerned not with the state of mind or good faith of the government actor, but with the 'objective legal reasonableness' of his actions - in other words, with whether a reasonable police officer could have believed that [the officer's] conduct was constitutional 'in light of clearly established law and the information [he] possessed' at the time." *Frazell v. Flanigan*, 102 F.3d 877, 886 (7th Cir. 1996) (quoting *Anderson v. Creighton*, 483 U.S. 635, 639, 641 (1987)).

Richman alleges that the four deputies used excessive force in seizing and removing her from the courtroom. In analyzing claims that an officer used excessive force, the objective reasonableness standard "requires the court to balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 882 (internal quotation marks omitted). A plaintiff may overcome a qualified immunity defense in one of two ways: (1) by pointing to a closely analogous case establishing in a sufficiently particularized sense the right at issue; or (2) by showing that the force used was so plainly excessive under the circumstances that a reasonable officer would have known of the constitutional violation. *See Darlin*, 1999 WL 498586, at *3-*5.

7

The court is not able to make this fact-intensive determination without a more developed factual record. The complaint does not allege that the judge ordered Richman's restraint and removal, nor is there any indication that the deputies' removal of her was justified. Accordingly, the court cannot determine the objective reasonableness of the deputies' use of force. Defendants may raise the qualified immunity issue on summary judgment, but to the extent they seek dismissal on that basis now, their motion is denied.

*Eleventh Amendment Immunity*

The Defendants maintain that the Eleventh Amendment bars Richman's § 1983 official capacity claim against the Cook County Sheriff.[4] The Eleventh Amendment bars all suits against a state or its agencies unless the state consents to suit in federal court or Congress uses its Fourteenth Amendment powers to abrogate the state's immunity. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992), *cert. denied*, 508 U.S. 942 (1993). A suit against a state official in her official capacity is deemed to be a suit against the state and thus is barred under the Eleventh Amendment. *Id.*

The court must determine whether Richman's allegations against the Cook County Sheriff are based on acts performed by the Sheriff as an agent of the State of Illinois. *See id.* at 370 (holding that if the sheriff and his deputy "were acting as agents of the State of Illinois when they forcibly evicted the Scotts, this lawsuit is a damage action against Illinois and is barred by the Eleventh Amendment"). If they are based on acts performed by the Sheriff as a county officer, the Eleventh Amendment is no bar to the claims. *See id.* at 371 ("[W]hen a county

---

[4] The court does not address defendants' arguments as they apply to Cook County or the Cook County Sheriff's Department given its dismissal of those entities.

8

sheriff in Illinois performs his duties as the principal executive officer or chief law enforcement officer of the county, he acts as a county official and does not get the benefit of the Eleventh Amendment.").

Richman's claims against the Sheriff in his official capacity are based not on any direct role he played in carrying out the state court's order, but on his failure to train and supervise the deputies to refrain from using excessive force in their seizures of citizens. This alleged failure is not limited to deputies' conduct in effectuating state court orders. In that regard, this case is distinguishable from *Scott*, in which it was alleged that the Sheriff's policy and practice of carrying out state courts' Writs of Assistance were unlawful. *See id.* at 368-69. Because Richman's claims against the Cook County Sheriff are not based on his conduct as a state agent, the Eleventh Amendment does not bar the claims.

*Court of Claims Jurisdiction*

Defendants argue that the Illinois Court of Claims has exclusive jurisdiction over Richman's state law claims. It is well-settled that the State of Illinois may not be sued except as provided in the Court of Claims Act. *See Benning v. Board of Regents of Regency Universities*, No. 89 C 20072, 1990 WL 32305, at *3 (N.D. Ill. Feb. 12, 1990) (citing *Robb v. Sutton*, 498 N.E.2d 267, 270 (Ill. App. Ct. 1986)), *aff'd*, 928 F.2d 775 (7th Cir. 1991). "[T]he determination of whether or not an action is a suit against the state is dependent upon an analysis of two factors – the issues involved and the relief sought – rather than a formal identification of the parties." *Id.* (quoting *Robb*, 498 N.E.2d at 270).

For the same reasons set forth in the court's analysis of defendants' Eleventh Amendment argument, the court finds that the Cook County Sheriff is not being sued as a state agent, but as

9

an independent county official. Accordingly, the Court of Claims Act does not deprive this court of jurisdiction to hear the state law claims against him.

Where defendants are named in their individual capacities, as the sheriff's deputies have been here, the issue "is whether the suit is actually against the individuals or is against the individuals in name alone and really a claim against the state." *Id.* Even assuming that the sheriff's deputies were acting as state agents in carrying out the court's order, "[a] suit may be maintained against a state agent in an individual capacity if that agent acts illegally or outside the scope of permitted authority." *Id.* (citing *Robb*, 498 N.E.2d at 270). Because the complaint alleges that the sheriff's deputies acted illegally or outside the scope of their authority in their seizures of Richman and her son, the Court of Claims Act does not deprive this court of jurisdiction.

*Immunity From State Law Claims Under Tort Immunity Act and Sheriff's Act*

Defendants rely on three provisions[5] from Illinois' Tort Immunity Act and one from the Sheriff's Act in arguing that defendants are immune from Richman's state law claims. The first provision, 745 ILCS 10/2-204, provides that "[e]xcept as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person." At this stage of the case, the court cannot determine whether this will bar liability of any of the defendants. The complaint alleges that all of the sued public employees injured Richman and her son by committing wrongdoing in their own right. If the evidence indicates that certain employees' liability can only be based on the

---

[5] Defendants raise a fourth provision – 745 ILCS 10/3-108 – in their reply brief. The court will not address grounds for dismissal that are raised for the first time in reply.

10

acts or omissions of others, this basis for immunity should be raised at the summary judgment stage.

The second provision relied on, 745 ILCS 10/2-201, provides that "[e]xcept as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." While the court has found for purposes of resolving this motion that the conduct alleged in the complaint was discretionary as to all defendants,[6] Richman nevertheless argues that this immunity does not apply because the scope of immunity in § 2-201 is limited by § 2-202 of the same Act, which provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202.

The Illinois Supreme Court has rejected Richman's interpretation of the interplay between §§ 2-201 and 2-202, holding that:

> The plain language of section 2-201 is unambiguous. That provision does not contain an immunity exception for willful and wanton misconduct. Where the legislature has chosen to limit an immunity to cover only negligence, it has unambiguously done so. Since the legislature omitted such a limitation from the plain language of section 2-201, then the legislature must have intended to immunize liability for both negligence and willful and wanton misconduct. . . . Cases holding to the contrary . . . are overruled on this point.

---

[6] Conversely, if the court were to find that the deputies' restraint of Richman or her son was ministerial, the state law claims against them would still fail because those deputies would be dismissed based on their entitlement to quasi-judicial immunity. *See Henry*, 808 F.2d at 1238 ("Although immunity is normally extended to those performing discretionary and not ministerial acts, 'those performing ministerial acts under a judge's supervision and intimately related to judicial proceedings have quasi-judicial immunity.'") (quoting *Ashbrook*, 617 F.2d at 477 n.4).

11

*In re Chicago Flood Litigation*, 680 N.E.2d 265, 273 (Ill. 1997) (citations omitted).

Contrary to defendants' suggestion, however, this does not end the inquiry. Richman's allegations against the deputies who seized her son are not limited to negligent or willful and wanton conduct. She also alleges that those deputies acted maliciously. (*See* Am. Compl. ¶ 20) The *Chicago Flood* court did not "address the issue of whether corrupt, malicious or bad faith conduct by public officials is immunized by section 2-201." *Amati v. City of Woodstock*, Nos. 92 C 20347, 94 C 50235, 1997 WL 587493, at *5 (N.D. Ill. Aug. 7, 1997), *aff'd*, 176 F.3d 952 (7th Cir.), *cert. denied*, 120 S. Ct. 445 (1999). In light of previous state appellate court decisions holding that § 2-201 does not apply to such conduct, Richman's allegations, if proven, are sufficient to avoid the immunity granted by § 2-201. *See id.*

Richman does not allege that the deputies who seized her acted maliciously or in bad faith, nor that the Sheriff acted maliciously or in bad faith by failing to train the deputies. Her reliance on the "special duty doctrine" to escape immunity is unavailing, as the Illinois Supreme Court has held that the doctrine cannot override governmental immunities created by the Tort Immunity Act. *See Payne v. Churchich*, 161 F.3d 1030, 1044 n.18 (7th Cir. 1998) (citing *Zimmerman v. Village of Skokie*, 697 N.E.2d 699, 710 (Ill. 1998)), *cert. denied*, 119 S. Ct. 2339 (1999). Accordingly, as currently alleged, the state law claims against the deputies who seized Richman and the Cook County Sheriff are barred by § 2-201.[7]

The final provision of the Tort Immunity Act on which defendants rely is 745 ILCS 10/2-208, which states that "[a] public employee is not liable for injury caused by his instituting or

---

[7] Of course, § 2-201 does not operate as a bar to the § 1983 claims against these defendants. Immunity in that context is a matter of federal law. *See Payne*, 161 F.3d at 1038.

12

prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause." Defendants argue that the deputies were acting with probable cause pursuant to a valid judicial proceeding – *i.e.*, the contempt action instituted by Judge Jordan against Richman's son.

By its terms, § 2-208 does not apply to the failure to train allegations against the Sheriff, nor to the claims against the deputies who seized Richman, given that there is no indication that the court ordered her seizure. Further, even assuming that the deputies' seizure of Richman's son falls within the scope of § 2-208, the court cannot determine at this stage that defendants acted without malice or with probable cause. This determination will depend, in significant part, on whether the deputies' conduct went beyond the scope of the court's order. Defendants may again raise § 2-208 once the factual record has been developed.

Contrary to defendants' insistence, the Sheriff's Act, 55 ILCS 5/5-1002, does not immunize the Cook County Sheriff from the state law claims brought against him. The provision cited by defendants addresses the circumstances under which a county is required to indemnify a sheriff or deputy for liability stemming from injuries caused by the sheriff or deputy in the performance of their duties. It does not bear on immunity. The case cited by defendants as support, *Chaney v. City of Chicago*, 901 F. Supp. 266 (N.D. Ill. 1995), is inapplicable. In that case, the plaintiff had sued the sheriff under 55 ILCS 5/3-6016, which provides that the sheriff "shall be liable for any neglect or omission of a duty of his or her office when occasioned by a deputy or auxiliary deputy, in the same manner as if his or her own personal neglect or omission." *See id.* at 268. The *Chaney* court held that the provision "only applies to the extent a complaint alleges that a deputy was negligent; it does not impose liability on the sheriff for a

13

deputy's intentional or wanton misconduct." *Id.*

In this case, Richman does not seek to impose liability against the Cook County Sheriff based on his deputies' negligence, but on the Sheriff's own failure to train and supervise. The statutory provision on which the *Chaney* court's holding is based has not even been invoked by Richman, and has no bearing on the immunity issues raised in this case.

*Policy or Custom Requirement Under § 1983*

Richman alleges that the sheriff's deputies acted pursuant to an official policy or custom of the Cook County Sheriff when they used excessive force against her and her son. Specifically, the complaint alleges that the policy or custom consists of the Sheriff's failure to train and supervise the deputies to refrain from using excessive force in restraining citizens. In *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989), the Supreme Court held that a failure to train can rise to the level of a policy or custom for purposes of a local government's § 1983 liability "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."

The Supreme Court has rejected attempts to impose a heightened pleading standard for § 1983 claims. *See Leatherman v. Tarrant County Narcotics Intell. and Coord. Unit*, 507 U.S. 163, 168 (1993). Thus, plaintiffs are not required to plead with particularity the facts upon which their failure to train claim is based, but need only provide a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

By alleging that their § 1983 claims against the Sheriff are based on his failure to train and supervise deputies to refrain from using excess force in seizures, Richman has given the

14

Sheriff adequate notice of the nature of the claims against him. Defendants' motion to dismiss Counts II and IV is denied.

*Punitive Damages*

Defendants argue that Richman's requests for punitive damages in her state law claims should be stricken. In her response, Richman asserts that she "does not seek punitive damages against any governmental entity, but rather, against the individual deputy sheriffs for their willful, wanton and vicious attack upon the decedent pursuant to Illinois' Wrongful Death Act, 740 ILCS 180/1 et seq., and the Survival Act, 755 ILCS 5/27-6." (Resp. at 33) Neither statute allows Richman to recover punitive damages. *See Burgess v. Clairol, Inc.*, 776 F. Supp. 1278, 1280 (N.D. Ill. 1991) ("[I]t is well-settled that the Illinois Wrongful Death Act does not allow for the decedent's surviving spouse and next of kin to recover punitive damages.")[8]; *Ballweg v. City of Springfield*, 499 N.E.2d 1373, 1377 (Ill. 1986) ("Illinois law is clear that punitive damages are not recoverable under the Survival Act."). Accordingly, Richman's claims for punitive damages under Counts V and VI of her complaint are dismissed. Further, to the extent Richman purports to bring claims for punitive damages under § 1983 against the Cook County Sheriff in his official capacity, such claims are dismissed. *See City of Newport v. Fact Concerns*, 453 U.S. 247, 271 (1981).

## Conclusion

Defendants' Motion to Dismiss is granted in part and denied in part, as set forth above.

---

[8] The fact that Richman brings her claims in her own behalf and as the administrator of her son's estate does not change this analysis, given that "[i]n a wrongful death action, the amount recovered shall be for the exclusive benefit of the surviving spouse and next of kin." *Bass v. Wallenstein*, 769 F.2d 1173, 1188 n.15 (7th Cir. 1985).

Cook County is dismissed. The state law claims against the Cook County Sheriff and the deputies who allegedly restrained and removed Richman from the courtroom – Kelly Jackson, Laura Loken, Timothy McPhillips, and Michelle Zimmerman – are dismissed based on their entitlement to immunity under 745 ILCS 10/2-201. Richman's claims for punitive damages under Counts V and VI are dismissed, as are any punitive damages claims she purports to bring under § 1983 against the Cook County Sheriff in his official capacity.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: March 31, 2000