UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTER DIVISION

| | |
|---|---|
| MARCELLA RICHMAN, as Special Administrator of the Estate of JACK B. RICHMAN, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL SHEAHAN et al.,<br><br>Defendants. | Case No. 98 C 7350<br><br>Honorable Joan B. Gottschall<br><br>Magistrate Judge Cole |

## MEMORANDUM OPINION AND ORDER

Defendants move for costs after having prevailed against plaintiff Marcella Richman. Defendants are entitled to their costs as the prevailing parties, and they ask the court to tax $16,026.43 to Richman under Rule 54(d) of the Federal Rules of Civil Procedure. There is a heavy presumption in favor of awarding costs to the prevailing party,[1] and "[t]he burden of proof is not on the prevailing party to establish that it is entitled to costs but on the losing party to

---

[1] Although the court does have some degree of discretion in awarding costs, that discretion is narrowly confined. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *see also Nat'l Diamond Syndicate, Inc., v. Flanders Diamond USA, Inc.*, No. 00 C 6402, 2004 U.S. Dist. LEXIS 12742, at *4 (N.D. Ill. July 7, 2004) (noting that "the Court's discretion is narrowly confined—it must award costs unless it is confronted with good reasons for denying them"). Generally, only two reasons justify denying costs: 1) misconduct on the part of the prevailing party, or 2) the losing party's inability to pay. *Smith v. Ne. Ill. Univ.*, No. 98 C 3555, 2003 U.S. Dist. LEXIS 13499, at *2 (N.D. Ill. Aug. 4, 2003) ("[A]bsent misconduct by the prevailing party or the losing party's inability to pay, 'the presumption in favor of awarding costs to the prevailing party is difficult to overcome . . . .'" (quoting *Weeks,* 126 F.3d at 945)); *see also Chemetall GMBH v. ZR Energy, Inc.,* No. 99 C 4334, 2001 U.S. Dist. LEXIS 23716, at *68 (N.D. Ill. Sept. 14, 2001). Additionally, an objection that a plaintiff "had a good faith basis to bring their claim, and the outcome could have gone either way . . . is not a basis to withhold awarding costs to defendants." *Smith,* 2003 U.S. Dist. LEXIS 13499, at *3; *Muslin v. Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1236 (7th Cir. 1985) ("More than just a showing of good faith is necessary to immunize the losing party from paying costs."); *see also Coyne-Delany Co., Inc., v. Capital Dev. Bd. of State of Ill.*, 717 F.2d 385, 390 (7th Cir. 1983) (contrasting the proper standard for deciding whether to award a prevailing party his attorney's fees with the standard for awarding costs); *cf. BASF AG v. Great Am. Assurance Co.*, 595 F. Supp. 2d 899 (N.D. Ill. 2009) (dismissing policy arguments asserting that the cumulative effect of awarding costs would disincentivize worthy litigants, and affirming the primacy of a presumption in favor of awarding costs). Richman has not made any argument that would provide the court with any basis for wholly denying defendants' cost award.

establish reasons to deny costs." *Nat'l Diamond Syndicate, Inc., v. Flanders Diamond USA, Inc.*, No. 00 C 6402, 2004 U.S. Dist. LEXIS 12742, at *3-4 (N.D. Ill. July 8, 2004). For the following reasons, the court grants in part and denies in part the defendants' request for costs, and awards costs totaling $4,692.93

### I. Fees for Transcripts

Defendants seek $4,747.35 for the cost of twenty-six deposition transcripts and $3,017.60 for the cost of several trial transcripts. (Def.'s Bill of Costs 1-3.) Before awarding such costs to defendants, the court must determine whether the expenses imposed on the losing part are statutorily recoverable. *Ochana v. Flores*, 206 F. Supp. 2d 941, 944 (N.D. Ill. 2002). If so, the issue will then become whether the expense is "both reasonable and necessary to the litigation." *Chemetall GMBH v. ZR Energy, Inc.,* No. 99 C 4334, 2001 U.S. Dist. LEXIS 23716, at *69 (N.D. Ill. Sept. 18, 2001). 28 U.S.C § 1920(2) allows recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," which includes deposition and trial transcript costs. *Cengr v. Fusibond Piping Systems, Inc.,* 135 F.3d 445, 454 (7th Cir. 1998). This provision is limited by Local Rule 54.1(b):

> If in taxing costs the clerk finds that a transcript or deposition was necessarily obtained, the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court."

Because the court finds that the cost imposed on the losing party is recoverable, the inquiry next turns to whether the assessed amounts are both reasonable and necessary. *Ochana,* 206 F. Supp. 2d at 944; *Chemetall GMBH*, 2001 U.S. Dist. LEXIS 23716, at *69.

**A. Deposition Transcripts**

Richman argues that deposition transcript costs should not be awarded because most of the transcripts were not received in evidence or otherwise used at trial, and thus, were neither "necessary" nor "reasonably necessary." Although Richman is correct that transcripts must be at least "reasonably necessary" for the costs to be recoverable, *Cengr*, 135 F.3d at 455, her analysis of what constitutes "reasonably necessary" is mistaken. The introduction of a deposition "at trial is not a prerequisite for finding that it was necessary to take that deposition." *Id.* The correct standard is "whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Id.*; *Johnson v. United States,* No. 96 C 5708, 2000 U.S. Dist. LEXIS 7845, at *3. (N.D. Ill. June 5, 2000) ("It is well-settled that while the prevailing party may recover the cost of deposing a witness whose testimony is not used at trial, the deposition must be necessary when it is taken.").

Although the court concludes that the depositions were necessary when taken, the court cannot conclude that all costs claimed by defendants are reasonable and necessary. First, the receipts show that the many of the requested costs include fees for ASCII disks and/or minuscripts. The costs of condensed transcripts and ASCII disks are not taxable because they are not necessary to litigation and are merely for the convenience of the attorney. *See Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 946 n.11 (7th Cir. 1997); *see also, Ochana,* 206 F. Supp. 2d at 945. Because the prevailing party has not itemized the cost of the transcripts to show how much was spent on the ASCII disks and minuscripts, the court cannot determine whether the costs claimed by defendants comply with Local Rule 54.1(b).

Second, as the receipts currently stand, the copy rate per page for most of the requested depositions exceeds the maximum transcript rate allowable, in violation of Local Rule 54.1(b).

3

Defendants' receipts indicate that they ordered both transcript originals and transcript copies. (Def.'s Exs. J & K (showing charges incurred for both a transcript copy and a transcript original).) The maximum transcript rate for an ordinary transcript is $3.65 for an original, $0.90 for a copy to each party, and $0.60 for a copy to the same party. Maximum Transcript Rates, U.S. Dist. Ct., N.D. Ill., *available at* http://www.ilnd.uscourts.gov/CLERKS_OFFICE/ CrtReporter/trnscrpt.htm. The court has no way of accurately assessing costs given the fact that most of the receipts are not itemized, include fees for nontaxable items, and exceed the maximum per page rate. The deposition of Maury S. Gantman is the only deposition that can be taxed to the prevailing party because it does not include an ASCII disk or minuscript, and does not exceed the judicial conference's established rate for transcripts. Accordingly, the court bills Richman $379.50 for the original deposition transcript of Maury S. Gantman, but does not bill for any of defendants' remaining transcript-related expenses.

**B. Trial Transcripts**

Defendants further seek $3,017.60 for 520 pages of expedited and daily trial transcripts. Richman argues that the prevailing party's bill of costs should be disallowed with respect to the trial transcripts because the defendants have not made "a required showing that such transcripts were 'indispensable.'" (Pl.'s Objection to Bill of Costs ¶ 3 (quoting *Virgninia Panel Corp. v. Mac Panel Co.,* 887 F. Supp. 880 (W.D. Va. 1995).) Richman's argument, however, is not persuasive because it does not apply the correct standard for determining whether a trial transcript is taxable. *See Chemetall GMBH,* 2001 U.S. Dist. LEXIS 23716, at *83 ("Section 1920 states that the fees of the court reporter for all or any part of the stenographic transcript are taxable if 'necessarily obtained for use in the case.'"). Because Richman has not met her burden of proof, the court finds these costs to be reasonable and necessary, and also in compliance with

4

the rate established by the Judicial Conference. The court awards defendants $3,017.60 for the cost of trial transcripts.

## II. Expert Witness Fees

Defendants seek $8,261.48 in fees incurred for their expert witness, James Marsh. Richman disputes this amount, urging the court to limit the amount to "modest travel and subsistence expenses." (Pl.'s Objection to Bill of Costs ¶ 3.) The court agrees with Richman. Witness fees are recoverable under § 1920(3), but only to the extent allowable by 28 U.S.C. § 1821. *Chi. Coll. Of Osteopathic Med. v. George A. Fuller Co.*, 801 F.2d 908, 910 (7th Cir. 1986). Section 1821(b) authorizes "an attendance fee of $40 per day for each day's attendance" at trial, in addition to "attendance fee[s] for the time necessarily occupied in going to and returning from the place of attendance and the beginning and end of such attendance or at any time during such attendance." *Nat'l Diamond Syndicate,* 2004 U.S. Dist. LEXIS 12742, at *12-13 (quoting U.S.C. § 1821(b)). Section 1821(c) specifically provides for a travel allowance, as well as costs incurred for toll roads and parking fees. 28 U.S.C. § 1821(c)(2)-(c)(3). A subsistence allowance may be paid to a witness when an overnight stay is required at the place of attendance, up to the maximum per diem amount prescribed by the Administrator of General Services, in accordance with 5 U.S.C § 5702(a). 28 U.S.C. § 1821(d)(1)-(d)(3). The maximum per diem rate allowable in Chicago in 2008 was $232, which included fees for lodging, meals and incidental expenses. U.S. General Services Administration, Fiscal Year 2008 Domestic Per Diem Rates, (2008), *available at* http://www.gsa.gov/Portal/gsa/ ep/home.do?tabId=3 (follow "Per Diem" hyperlink under the heading "Travel, Transportation, & Relocation"; then follow "Per Diem Files (Current & Archived)" hyperlink).

The court thus awards $120.00 in witness attendance fees for the three days during which Marsh appeared at trial. The court finds that the $165.00 for travel, $6.40 for tolls, and $21.00 for parking are all reasonable fees, and accordingly awards $577.20 for three days of travel expenses. Defendants are also entitled to recover $598.63 for hotel fees and meals incurred while Marsh was appearing at trial. The court thus taxes costs totaling $1,295.83 in witness fees to Richman, but denies defendants' Bill as to the remaining costs because there is no statutory authority allowing for recovery of those costs.

### III. Conclusion

Defendants' Bill of Costs is granted in part and denied in part. Defendants are entitled to recover $4,692.93 in costs.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: July 14, 2010